## GUNNELL AND ELDER v. STATE.
### (No. 650.)

JURY—IMPANELING JURY—EXHAUSTION OF STATUTORY METHOD—
OPEN VENIRE—QUASHING VENIRE—GROUNDS AND AFFIDAVIT—
CRIMINAL LAW—REFUSAL OF INSTRUCTIONS—REVIEW—NEWLY DIS-
COVERED EVIDENCE—NEW TRIAL—REVIEW.

1. When a jury is required and the statute makes no provision for procuring it, or where the statutory method has been exhausted leaving the jury incomplete, the court has the inherent power to cause an open venire to issue for the purpose of completing the jury.

2. Under the statutory provisions for procuring trial jurors (Chap. 80, Comp. Stat. 1910, Secs. 978-1021), jury box No. 1 is not to be resorted to when boxes Nos. 4 and 3 have become exhausted in impaneling a jury in ·a particular case; the statute providing for resort to box No. 1 only for the purpose of completing the regular panel for the term or session of the court after box No. 3 has become exhausted.

3. Since the statute defining the qualifications of, and the method of procuring, trial jurors (Chap. 80, Comp. Stat. 1910, Secs. 978-1021) makes no provision for any further drawing from the jury boxes after box No. 4 (containing the names of the regular panel for the term) and box No. 3 have been exhausted, and, when that condition arises, does not provide the method of securing a jury in a particular case, the court, in such case, has the inherent power to order the issuance of an open venire to complete the jury for the case on trial.

4. Where the motion to quash a venire and set aside the jurors summoned thereunder by the sheriff did not charge as a ground that the sheriff was interested in the prosecution,

but the affidavit in support of the motion stated that the sheriff was very much interested in the prosecution and would be incompetent to serve as a juror on account of his bias and prejudice against the defendants, without stating what interest the sheriff had in the prosecution, or any facts showing bias or prejudice against the defendants or either of them, and it did not appear that the jurors who were finally selected to try the case were not fair and impartial, the motion was properly denied.

5. Refusal of requested instructions is not reviewable on error in the absence of any exception taken at the time to such refusal.

6. Where the instructions given appear to have fully and fairly stated the law of the case, and the evidence is not in the record, the refusal of requested instructions is not ground for reversal, since the court cannot say that they were applicable to the case.

7. Where the evidence is not in the record, the denial of a new trial on the ground of newly discovered evidence will not be ground for reversal on error, since the appellate court cannot determine whether the alleged newly discovered evidence would have been material or relevant, or merely cumulative, and since the rulings of the trial court must stand until error therein is made to appear.

[Decided December 21, 1912.]                (128 Pac. 512.)

ERROR to the District Court, Crook County; HON. CARROLL H. PARMELEE, Judge.

Merlyn J. Gunnell and Walter J. Elder were charged with the crime of murder in the first degree, and convicted of murder in the second degree. From the judgment entered upon the verdict they brought error. The material facts are stated in the opinion.

*M. Nichols,* for plaintiffs in error.

The court erred in issuing an open venire for the completion of the trial jury in the case against the objections of the defendants. The court should have ordered the drawing from the jury box containing the names of men qualified to serve as jurors. It was shown by the affidavit in support of the motion to quash the venire that the sheriff

was interested in the prosecution of the defendants, and on that ground alone the motion to quash should have been sustained. The open venire is eliminated from the jury system of this state. (State v. Bolln, 70 Pac. 7.)

Although the evidence is not in the record, it sufficiently appears from the instructions given that the defendants were entitled to an instruction that before they could be convicted the jury must be satisfied of their guilt beyond a reasonable doubt; and it also appears that other refused instructions should have been given. (People v. Fuhs, 61 Cal. 527; Terr. v. Baca, 71 Pac. 460; State v. Harrison, 57 Pac. 647; State v. Mayo, 85 Pac. 251; Larrance v. People (Ill.), 78 N. E. 50.) The supplemental motion for new trial should have been granted upon the ground of the alleged newly discovered evidence. Where the effect of newly discovered evidence is doubtful or impossible to determine, a new trial should be granted. (State v. Kelleher, 87 Pac. 738.)

*D. A. Preston,* Attorney General, for the state.

The open venire was authorized by Section 1010, Comp. Stat. 1910, it being provided therein that if a sufficient number of jurors to try the issue is not obtained from the persons notified under an order to draw names from box No. 3, the court may make other and successive orders until a sufficient number is obtained. The order of the trial court for the open venire shows its necessity. While it is the theory of the statute that all the names of available jurors are in the jury box, it often happens that there are numerous citizens subject to jury duty whose names are not in the box. When no means are provided by statute for procuring a jury, or when the means provided have been exhausted, then the inherent power is in the court to resort to the common law method of issuing an open venire. (U. S. v. Clawson, 4 Utah, 34, 5 Pac. 689; Clawson v. U. S., 114 U. S. 477; Carter v. Territory, 3 Wyo. 193.) The case of State v. Bolln, cited by opposing counsel, presented a different question from that here involved. The very conditions exist in

this case which were suggested in the Bolln case as necessary before an open venire could issue.

The affidavit in support of the motion to quash the venire merely states a conclusion of the affiant, without stating any facts showing bias or prejudice on the part of the sheriff. The sheriff is a public officer and is presumed to have properly performed his duty. (McLean v. Farmers &c., 98 Pac. 16; Terr. v. Sellers, 82 Pac. 575; Christ v. Fent, 84 Pac. 1074; Valley Tp. v. Bridge Co., 45 Pac. 560; Pentecost v. Stiles, 49 Pac. 921; Shepherd v. Mace, 82 Pac. 1046; Frost v. Comm'rs., 95 Pac. 289; McCaleb v. Dreyfus, 103 Pac. 924; Western U. Co. v. Los Angeles Co., 116 Pac. 564.)

The evidence not being in the record the court cannot pass upon the effect of the newly discovered evidence; it might be cumulative. The question of newly discovered evidence cannot be considered. (Clare v. State, 68 Ind. 17.) An exhaustive search of the record fails to disclose any instructions numbered in the manner mentioned in the brief of plaintiff in error. But in the absence of the evidence the refusal to give an instruction will not be reviewed. (12 Cyc. 872; Downing v. State, 11 Wyo. 86; Hill v. State, 43 Ala. 335; State v. Kern, 127 Ind. 465.)

BEARD, CHIEF JUSTICE.

The plaintiffs in error, Merlyn J. Gunnell, Walter Elder and Lewis Williams, were charged jointly on information filed in the District Court of Crook County with the crime of murder in the first degree. Upon the trial the jury returned its verdict finding Gunnell and Elder guilty of murder in the second degree, and Williams not guilty. Gunnell and Elder filed a motion for a new trial which was denied, judgment was entered against them, and they bring the case here on error.

The evidence is not brought up; and the rulings and decisions of the District Court complained of and presented in the brief of counsel for plaintiffs in error are: (1) That the court erred in the method of securing a jury to try the

case; (2) that the court erred in refusing to give to the jury certain instructions requested by said defendants; and (3) that the court erred in not granting a new trial on account of newly discovered evidence. These assignments of error will be considered in the order above stated.

The provisions of the statute defining the qualifications of and the method of procuring trial jurors are contained in Chapter 80, Comp. Stat., and may be summarized as follows: The chairman of the County Commissioners, the County Treasurer and the County Clerk shall on the second Monday in January of each year select from the last assessment roll of the county, and make a list of the names and places of residence of all persons whom they believe to be competent and qualified to serve as trial jurors, and to certify such list to the clerk of the District Court. The clerk of the court shall write the names of those so selected on separate ballots and place them in a box known and marked "jury box number one." The persons so selected are known as regular jurors and serve for one year and until the next selection. The clerk shall also make duplicate ballots containing the names of those selected who reside within five miles of the city or town where the court is held, and place those ballots in "jury box number three." When a jury is required for a term or session of the court, the clerk, on order of the court or judge, shall draw from box No. 1 the requisite number to constitute the regular panel, which must be twenty-four or more as ordered, and those whose names are so drawn shall be summoned. If for any cause the requisite number to constitute the regular panel for that term or session of the court is not thus secured the clerk must draw from box No. 3 until the panel is completed or the ballots in that box exhausted. If the panel is still incomplete after drawing all the ballots from box No. 3, he shall then draw from box No. 1 to complete the regular panel. There are other provisions not necessary to be mentioned because not involved in the present case. When the regular panel is complete, the names of the persons consti-

tuting it shall be written on ballots and placed in "jury box number four." "When an issue of fact, to be tried by a jury is brought to trial the clerk under the direction of the court must openly draw out of the trial juror box numbered 'four' as many of the ballots, one after another, as are sufficient to form a jury." "If at any time during the trial of a cause and the empanelling of a jury therein all the regular panel of the jurors, that is, those contained in box number four, shall be exhausted, then the court shall make an order which shall be entered upon the minutes of the court, directing that such number of names as may be deemed necessary be drawn from box number three, in open court, and the clerk shall forthwith issue a summons for the persons so drawn to appear in court forthwith, and the names of such as are accepted by the court shall forthwith be placed in box number four, and shall be drawn therefrom to complete said list and such process shall continue from time to time when the names in box number four are exhausted, until a jury is obtained in the cause."

In the case at bar the record discloses that "it appearing to the court that not only the regular jury panel for the term, but also jury box number three is entirely exhausted, and it further appearing to the court that the trial jury for the said cause is still incomplete, and the court being now fully advised in the premises—it is hereby ordered that the clerk of this court forthwith issue an open venire, directed to the Sheriff of Crook County, Wyoming, therein commanding the said Sheriff to summon fifty true and lawful men from the body of the county to appear in this court at 4 p. m. of this day to complete the trial jury of said cause." The sole objections urged by counsel on this branch of the case are, that instead of directing an open venire to issue the court should have directed the clerk to draw the names of jurors to complete the jury from box number one, and that the sheriff was interested in the prosecution and was biased and prejudiced against the defendants. It will be observed that the statute provides that to complete the *regular* panel for the

term or session of the court after box number three has become exhausted, resort is to be had to box number one; but such is not the case when boxes number four and three have become exhausted in impaneling a jury in a particular case. In such case the statute makes no provision for any further drawing from the jury boxes after boxes four and three have been exhausted; nor does it provide the method of securing a jury when such a condition arises. But we think it is well settled that, when a jury is required and the statute makes no provision for procuring it, or where the statutory method has been exhausted and the jury is still incomplete, the court possesses the inherent power to cause an open venire to issue for the purpose of completing the jury. It was directly so held in Carter v. Territory, 3 Wyo. 193, 18 Pac. 750, 19 Pac. 443, and Clawson v. U. S., 114 U. S. 477, 5 Sup. Ct. 949, 29 L. Ed. 179. Counsel for plaintiffs in error cites State v. Bolln et al., 10 Wyo. 439, 70 Pac. 1, as sustaining his contention that the open venire is eliminated from the system in this state. In that case the court said: . "Under the method prescribed, an open venire to complete a trial jury can never issue until not only the panel for the term, but also jury box number three is entirely exhausted. And it would seem that, for completing the panel for the term, an open venire can never issue under any circumstances; for the first four boxes are intended to contain the names of all the qualified jurors of the county. From these boxes the regular panel when incomplete is, at all times, to be filled, and the open venire is thus eliminated from the system." Clearly, when the court used the last expression quoted it was speaking only of the method of securing the regular panel for the term; and by the other language used as clearly indicated that an open venire should issue to complete a jury in a particular case when jury boxes four and three were exhausted; and we so hold. It is further urged that the motion to quash the venire and set aside the jurors summoned thereunder should have been granted on account of the interest of the sheriff in the

prosecution. The original motion is in the record, and an examination of it discloses that no such ground is stated therein. It is true that an affidavit in support of the motion and attached to it states that the sheriff is very much interested in the prosecution and would be incompetent to serve as a juror on account of his bias and prejudice against the defendants. But if the affidavit could be considered as presenting a question not presented by the motion, it does not state what interest the sheriff had in the prosecution, or any facts showing bias or prejudice against the defendants or either of them; nor does it appear that the jurors who were finally selected to try the case were not fair and impartial jurors.

With respect to the contention that the court erred in refusing to instruct the jury as requested by defendants, we have to say, that we have searched the record in vain for any exception taken at the time to the refusal of the court to so instruct. We have, however, considered the instructions given, which are quite lengthy and appear (in the absence of the evidence) to fully and fairly state the law of the case. The substance of many of the instructions refused was embodied in those given, and of the others we cannot say that they were applicable to the evidence, not having it before us. The same may be said with respect to the newly discovered evidence. Without knowing what evidence was produced on the trial, we cannot determine whether or not the newly discovered evidence would have been material or relevant, or whether merely cumulative. Much of it seems to be in the nature of impeaching testimony only. The trial court having heard all of the evidence could judge of these matters, and until error in its rulings is made to appear they must stand. We find no prejudicial error in the record and the judgment of the District Court, therefore, is affirmed.                    *Affirmed.*

SCOTT and POTTER, JJ., concur.